IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Davis, | : | |
| Eugene Gall and | | |
| Tyrone Reid | : | Civil Action 2:09-cv-00015 |
| Plaintiffs | : | Judge Frost |
| v. | : | Magistrate Judge King |
| Governor Ted Strickland, *et al.*, | : | |
| Defendants | : | |

# Order

Plaintiffs James Davis, Eugene Gall and Tyrone Reid bring this action alleging that they have been subjected to cruel and unusual conditions of confinement at the Lebanon Correctional Institution. This matter is before the Magistrate Judge on plaintiff's' motion for a temporary restraining order.

The complaint alleges that plaintiffs Davis, Gall, and Reid are all incarcerated at the Lebanon Correctional Institution. It further alleges that the prison is currently operating at approximately 200% over capacity. Cells provide 17.3 square feet of living space per inmate. Inmates are confined to their cells for a minimum of 12.5 hours a day and up to 22 hours a day. The prison gymnasium can accommodate a maximum of 300 inmates at a time. There are 2,651 inmates at the prison. There are nine general population cell blocks, with 3 ranges per block. There are 84 to 100 inmates per range. There is one day room per block. A day room has between 1 and 7 tables, with 4 seats per table.

Between 20 and 28 inmates are permitted to use a day room at any one time. Each range (84 to 100 inmates) has one opportunity a day to use the day room.

Plaintiffs' January 8, 2009 motion for a temporary restraining order and permanent injunction seeks to enjoin defendants from

- Closing any prison facility for the pendency of this litigation; and
- Preventing the Defendants from transferring any inmate into the Lebanon Correctional Institution, and any prison facility which was originally designed as single cell occupancy (like Lebanon, London, etc.); and
- Preventing the Defendants and their employees from retaliating against the named Plaintiffs in any way, including: loss of merit status, loss of their present assigned inmate jobs, transferred to other facilities for whatever reason (temporary medical "treatment", temporary reduction of security status, and threats of harassment).

The brief in support of plaintiff's' motion for a Temporary Restraining Order states that the Governor has proposed closing 6 additional prisons during the 2009-2010 budget years. These closings would come on top of the closing of 2 other prisons during the past 5-6 years and an increase in inmate population. Ohio's prisons now have populations at 150% or more of design capacity.

The Eighth Amendment prohibits "cruel and unusual" punishment. That is, it "prohibits punishments which, although not physically barbarous, 'involve the unnecessary and wanton infliction of pain,' *Gregg v. Georgia*, [428 U.S. 153, 173 (1976)], or are grossly disproportionate to the severity of the crime, *Coker v. Georgia*, 433 U.S. 584, 592 (1977) (plurality opinion); *Weems v. United States*, 217 U.S. 349 (1910)." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). Double celling alone does not violate the Eighth

Amendment, nor do limited work hours and delays in receiving education. *Chapman,* 452 U.S. at 347-48. An Eighth Amendment violation has two elements: (1) a sufficiently serious deprivation and (2) prison officials' deliberate indifference to that deprivation. *Wilson v. Seiter,* 501 U.S. 294, 302-03 (1991); *Spencer v. Bouchard,* 449 F.3d 721, 728 (6th Cir. 2006). Even when the deprivation is a serious one, the state of mind of the prison officials is an essential element of an Eighth Amendment claim. Whether a official conduct "can be characterized as an 'wanton' depends upon the constraints facing the *official*." *Wilson,* 501 U.S. at 303 (emphasis in the original). While housing more prisoners at the Lebanon Correctional Institution would clearly raise significant 8th amendment concerns, plaintiffs offer no evidence that the Ohio Department of Rehabilitation and Correction has eminent plans to increase the inmate population there.

Because plaintiffs have failed to demonstrate an immediate danger of harm, I **RECOMMEND** that their motion for a temporary restraining order be **DENIED.**

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review

the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

s/Mark R. Abel  
United States Magistrate Judge