IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JAMES A. DAVIS, *et al.*,

    Plaintiffs,

  vs.                                        Civil Action 2:09-CV-015
                                                    Judge Frost
                                                    Magistrate Judge King

GOVERNOR TED STRICKLAND,
*et al.*,

    Defendants.


## OPINION AND ORDER

This is a civil rights action in which plaintiffs, state inmates who are proceeding without the assistance of counsel, allege that defendants[1] violated their civil rights while plaintiffs were incarcerated at Lebanon Correctional Institution ("LeCI"). This matter is before the Court on several pending motions.

On January 8, 2009, plaintiffs filed a motion for a temporary restraining order and permanent injunction, Doc. No. 7, seeking to:

- Enjoin the defendants from closing any prison facility for the pendency of this litigation; and

- Prevent defendants from transferring any inmate into LeCI, and any prison facility that was originally designed as single cell occupancy (such as LeCI, London, etc.); and

- Prevent defendants and their employees from retaliating against the named plaintiffs in any way, including: loss of merit status, loss of their present

---

[1] Plaintiffs have sued Governor Ted Strickland and several individuals employed by the Ohio Department of Rehabilitation and Correction ("ODRC"): Terry Collins, Tim Brunsman, Robert Welch, James Kelly, Jason T. Hall, Clyde Gentry, James Dunn, April Barr, Greg Craft, Don Coble. For ease of reference, these ODRC employees will be referred to, collectively, as the "ODRC defendants."

>           assigned inmate jobs, transfer to other facilities for
>           whatever reason (temporary medical 'treatment,'
>           temporary reduction of security status, and threats of
>           harassment).

On the same day, the magistrate judge recommended that plaintiffs' motion for a temporary restraining order be denied because "plaintiffs offer no evidence that the Ohio Department of Rehabilitation and Correction has [imminent] plans to increase the inmate population [at LeCI]." Doc. No. 10. Plaintiffs objected to this recommendation, Doc. No. 18, and the ODRC defendants responded to plaintiffs' objection, Doc. No. 19. This matter is now ripe for resolution.

Since the issuance of the *Report and Recommendation,* two of the plaintiffs, Tyrone Reid and James Davis, filed a change of address, indicating that they now reside at Marion Correctional Institution. Doc. No. 37. Therefore, the Court concludes that the request of plaintiffs Reid and Davis for injunctive relief is now moot because they are no longer incarcerated at LeCI.[2] *See*, *e.g.*, *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).[3]

As to plaintiff Eugene Gall's request for injunctive relief pursuant to Fed. R. Civ. P. 65, the decision whether or not to issue a preliminary injunction falls within the sound discretion of the

---

[2]Plaintiffs suggest that defendants purposely transferred Plaintiffs Reid and Davis because plaintiffs filed this lawsuit. *See* Doc. Nos. 7, 18. However, plaintiffs offer nothing more than speculation to support their assertion.

[3]However, these plaintiffs' request for monetary relief, which is not addressed in this *Opinion and Order*, has not been rendered moot by their transfer.

district court.  *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982).  The party seeking the injunction must establish his right to that extraordinary relief by clear and convincing evidence.  *Deck v. City of Toledo*, 29 F. Supp.2d 431, 433 (N.D. Ohio 1998) (citing *Garlock, Inc. v. United Seal, Inc.*, 404 F.2d 256, 257 (6th Cir. 1968)).  "To meet this burden, the plaintiff's evidence must more than outweigh the evidence opposed to it." *Draudt v. Wooster City Sch. Dist.*, 246 F. Supp. 2d 820, 825 (N.D. Ohio 2003). "The plaintiff's evidence must persuade the court that [his] claims are highly probable. . . or create a firm belief or conviction in the facts the plaintiff seeks to establish[.]"  *Id*. (internal citations omitted).

A preliminary injunction is an extraordinary remedy that should be granted only after the Court has carefully considered the following four factors:

> (1) whether the movant has a "strong" likelihood of success on the merits[4];
>
> (2) whether the movant would otherwise suffer irreparable injury;
>
> (3) whether issuance of a preliminary injunction would cause substantial harm to others; and
>
> (4) whether the public interest would be served by issuance of a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000) (quoting *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic*

---

[4]Although the Court must determine whether there is a strong likelihood of success on the merits, this Court does not intend to reach final decision on the merits of the case at this time.

*Ass'n*, 64 F.3d 1026, 1030 (6th Cir. 1995)). These factors are not prerequisites to injunctive relief; rather, they are factors that the Court must balance. *Michigan Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001) (stating that no single factor is determinative); *Am. Std., Inc. v. Meehan*, 517 F. Supp. 2d 976, 982 (N.D. Ohio 2007) (same).

Here, Plaintiff Gall has failed to present any evidence supporting the factors under Fed. R. Civ. P. 65. In particular, he has not presented clear and convincing evidence that he will suffer irreparable injury if his motion is not granted. Plaintiff Gall relies on unsubstantiated statistics and personal opinion that defendants will increase the prison population at LeCI, which in turn may lead to escalating violence among inmates and fewer resources for inmates, such as beds. Doc. No. 18. Such speculation is simply too remote to warrant injunctive relief. *See*, *e.g.*, *Abney v. Amgen, Inc.*, 443 F.3d 540, 552 (6th Cir. 2006) (stating that plaintiffs must demonstrate "actual and imminent harm" rather than speculative or unsubstantiated harm).

Similarly, Plaintiff Gall relies on mere conclusory assertions and conjecture regarding contaminated prison water and a purported increase in the prison population when arguing that there is a substantial likelihood of success on the merits. *See*, *e.g.*, *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1011 (6th Cir. 2006) (concluding that speculation is insufficient to satisfy the plaintiffs' burden of demonstrating a strong likelihood of success on the merits). Accordingly, Plaintiff Gall is not entitled to relief under Fed. R. Civ. P. 65. Under these circumstances, the objections

to the magistrate judge's *Report and Recommendation*, Doc. No. 10, are **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. The motion for interim injunctive relief, Doc. No. 7, is **DENIED.**

Because it appears to the Court that the issues presently before the Court can be resolved based on the materials currently before the Court, plaintiffs' motion for an evidentiary hearing, Doc. No. 20, is **DENIED**.

Finally, because the action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiffs' claims, the motion for appointment of counsel, Doc. No. 8, is **DENIED without prejudice** to renewal at a later stage of the proceedings. *See Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757 (6th Cir. 1985).

Based on the foregoing, the Clerk shall remove Doc. Nos. 7, 8, 10 and 20 from the Court's pending motions list.

/s/ Gregory L. Frost
Gregory L. Frost
United States District Judge
