IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES A. DAVIS,** *et al.,*

    **Plaintiffs,**

  vs.                                       Civil Action 2:09-CV-015
                                              Judge Frost
                                              Magistrate Judge King

**GOVERNOR TED STRICKLAND,**
*et al.,*

    **Defendants.**


## OPINION AND ORDER

Plaintiffs, state inmates, bring this civil rights action alleging that they were subjected to cruel and unusual punishment and that their due process rights were violated in connection with the conditions of their confinement at the Lebanon Correctional Institution ["LeCI"]. Plaintiffs also assert anti-trust claims and a RICO claim, 18 U.S.C. §1961 *et seq.* On July 7, 2009, the United States Magistrate Judge issued a *Report and Recommendation* recommending that plaintiffs' motions to certify a class of plaintiffs, Doc. Nos. 9, 35, be denied, that defendant Strickland's motion to dismiss, Doc. No. 23, be granted in its entirety and that the ODRC defendants' motion for summary judgment, Doc. No. 28, be granted as to the claims of plaintiffs Davis and Gall. Plaintiff Reid, who had not responded to the motion for summary judgment, was directed to indicate his intention to proceed with the litigation. *Report and Recommendation,* p. 30, Doc. No. 41.

Thereafter, plaintiff Gall filed a motion for declaratory relief, Doc. No. 43, and plaintiff Reid filed a motion asking the Court "to file its *Report and Recommendation* on his claims." Doc. No. 48. Plaintiff Gall also filed objections to the recommended disposition of the motions for summary judgment and to dismiss. Doc. No. 49. The Court will

consider those objections, and the *Report and Recommendation, de novo.* 28 U.S.C. §636(b); F.R. Civ. P. 72. Plaintiff Davis filed no objection to the *Report and Recommendation,* although he was expressly advised of his right to object and of the consequences of his failure to do so.

**Plaintiff Gall's Objections.**

The Court notes that plaintiff Gall filed no response to defendant Strickland's motion to dismiss. The *Report and Recommendation* recommended that the claims against the Governor in his individual capacity be dismissed because the complaint failed to allege that the Governor had any involvement, whether direct or indirect, in the alleged unconstitutional conduct. *Report and Recommendation,* p. 18. The Court agrees with this conclusion.

The *Report and Recommendation* also concluded that the Court lacks jurisdiction over all claims for monetary damages against all defendants in their official capacities. *Report and Recommendation,* pp. 15-16. Plaintiff Gall seems to object to this conclusion on the basis that the defendants have not established their "official employment as state officials." *Objections,* p.7. This Court agrees that a claim for monetary damages against a state official in his or her official capacity is foreclosed by the Eleventh Amendment to the United States Constitution. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 65 (1989). Plaintiff Gall's objection in this regard is without merit. In considering the motion for summary judgment, the Magistrate Judge noted that plaintiffs' response was insufficient to the extent that their response was based on mere speculation and personal opinion. Plaintiff Gall objects to such reasoning arguing, first, that Rule 11 of the Federal Rules of Civil Procedure permits such speculation. Plaintiff Gall is mistaken. Rule 56 of the Federal Rules of Civil Procedure, which governs

2

motions for summary judgment, provides that a party opposing a motion for summary judgment

> may not rely merely on allegations or denials in its own pleadings; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

F.R. Civ. P. 56(e)(2). Rule 11 of the Federal Rules of Civil Procedure, which addresses signatures on pleadings and representations to the Court, does not relieve a party of his obligation to come forward with evidence establishing a genuine issue of material fact in response to a motion for summary judgment.

Plaintiff Gall also argues that, as a *pro se* litigant, his pleadings should be liberally construed. *See Haines v. Kerner,* 404 U.S. 519 (1972). Rather than grant summary judgment, plaintiff Gall argues, the Court should hold an evidentiary hearing "so that these facts could be proven on the record. ..." *Objections,* p.2, Doc. No. 49. Although a *pro se* litigant's pleadings are to be liberally construed and are held to less stringent standards than are formal pleadings by lawyers, *see Haines,* 404 U.S. 519, this liberal standard "does not mean, however, that *pro se* plaintiffs are entitled to take every case to trial." *Ashiegbu v. Purviance,* 74 F.Supp. 2nd 740, 746 (S.D. Ohio 1998). Where a motion for summary judgment is properly presented, the procedures established by F.R. Civ. P. 56 control and, if the Court determines that there exists no genuine issue of material fact, summary judgment is properly granted.

The *Report and Recommendation* also reasoned that certain of plaintiffs' claims had not been exhausted within the meaning of the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e(a) ["PLRA"]. *Report and Recommendation,* pp. 12-15. In fact, plaintiffs Davis and Gall, the only

3

plaintiffs who responded to the motion for summary judgment, concede that they failed to exhaust their available administrative remedy as to certain claims. *Response to Motion for Summary Judgment,* p.8, Doc. No. 32.

In his objection to the *Report and Recommendation*, plaintiff Gall argues that the PLRA should not be construed to require exhaustion of all the claims asserted by him. *Objections,* pp. 3-4, Doc. No. 49. "For this Court to require that each of the three main plaintiffs exhaust each of the 11 violations [*i.e.,* claims asserted in the complaint] would be considered to be prohibitive by both this Court and the Defendants; plus the Defendants might consider this type of filing to be indicative of 'non-violent demonstration' and against prison rules." *Id.,* p.4.

As the Magistrate Judge reasoned, the PLRA requires that, before initiating an action in federal court relating to conditions of confinement, plaintiff inmates must exhaust administrative remedies available to them. 42 U.S.C. §1997e(a). The exhaustion requirement is mandatory, *Wyatt v. Leonard,* 193 F.3d 876, 879 (6th Cir. 1999), even if the inmate perceives the requirement as unnecessary. *See, e.g., Hartsfield v. Vidor,* 199 F.3d 305, 308-10 (6th Cir. 1999)(available administrative remedies must be exhausted even if the inmate believes exhaustion would be futile). Plaintiff's objection in this regard is without merit. The defendants are entitled to judgment on all unexhausted claims asserted by plaintiff Gall.[1] Moreover, the Court will not entertain this plaintiff's objections to claims that may have been exhausted by one or more other plaintiffs, but which plaintiff Gall did not exhaust.[2]

Among the claims that plaintiff Gall did in fact exhaust are his complaints about double-celling and overcrowding at LeCI. The *Report*

---

[1] As the Magistrate Judge noted, plaintiff Gall failed to exhaust all but his Claims 1, 2 and 7. *Report and Recommendation,* p. 14.

[2] Plaintiff Gall has specifically objected to the recommended disposition of Claims 4, 9 and 11, although plaintiff Gall did not himself exhaust those claims.

*and Recommendation* recommended that the motion for summary judgment be granted as it relates to these claims 1) because the plaintiffs failed to allege personal involvement by each of the named defendants in connection with such claims, *id.,* p.21; 2) because double-celling, alone, does not constitute an Eighth Amendment violation, *id.,* p. 22; and 3) because plaintiffs offered nothing more than "speculation and unsubstantiated allegations that overcrowding at LeCI presents dangers to inmate health," *id.*

In his objections, plaintiff Gall again merely asserts that the inmate population is increasing at LeCI, and that there is double-celling at the facility. *Objections,* pp. 5-6. Even if true, the Supreme Court has held that "double-celling, by itself, does not violate the Eighth Amendment." *Rhodes v. Chapman,* 452 U.S. 337, 347-49 (1981); *see also Halliburton v. Sunquist,* 59 Fed. Appx. 781 (6th Cir. 2003). Plaintiff Gall's objections to the *Report and Recommendation* in this regard are without merit.

Having carefully reviewed the *Report and Recommendation* and plaintiff Gall's objections to that *Report and Recommendation,* the objections are **DENIED.** The Court **ADOPTS** and **AFFIRMS** the *Report and Recommendation*. Plaintiff's motions to certify, Doc. Nos. 9, 35, are **DENIED.** The motion of defendant Strickland to dismiss, Doc. No. 23, is **GRANTED.** The defendants' motion for summary judgment, Doc. No. 28, as it relates to the claims asserted by plaintiff's Davis and Gall, is **GRANTED.**

**Other Motions.**

Because defendants are entitled to judgment on his claims, plaintiff Gall's motion for declaratory relief sought in the complaint, Doc. No. 43, is **DENIED.**

The Court receives plaintiff Reid's motion asking the Court to

5

"file its *Report and Recommendation* on his claims," Doc. No. 48, as a statement by this plaintiff that he intends to pursue this litigation.[3] As noted in the *Report and Recommendation,* plaintiff Reid has exhausted his Claims 1, 4-6 and 8. *Report and Recommendation,* p. 14. For the reasons stated *supra,* defendants are entitled to judgment on those claims not exhausted by plaintiff Reid, *i.e.,* Claims 2, 3, 7, 9-11. The *Report and Recommendation* considered -- and rejected -- Claims 1 and 4, but did not consider Claims 5, 6 or 8 because those claims had not been exhausted by the other two plaintiffs.

Plaintiff Reid may have twenty (20) days to respond to the defendants' motion for summary judgment. Plaintiff Reid is advised that his failure to respond is likely to result in the grant of that motion as it relates to his claims. Defendants may have fourteen (14) days thereafter to reply.

/s/ Gregory L. Frost
Gregory L. Frost
United States District Judge

---

[3] Plaintiff Reid explains his failure to respond to defendants' motion for summary judgment by a lack of funds sufficient to purchase postage; he asks that the Court order defendants to provide postage to him. Doc. No. 48. Plaintiff Reid's filing belies his accusation that prison officials have interfered with his ability to pursue this litigation. Moreover, the Court will not entertain the request for injunctive relief made in this filing by plaintiff, who is no longer incarcerated at LeCI, and apparently asserted against prison officials not parties to this action.