IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES A. DAVIS, *et al.*,**

      **Plaintiffs,**

  vs.                                **Civil Action 2:09-CV-015**
                                          **Judge Frost**
                                          **Magistrate Judge King**

**GOVERNOR TED STRICKLAND,**
***et al.*,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This action was originally instituted by three state inmates who alleged that they were subjected to cruel and unusual punishment and that their due process rights were violated in connection with conditions of confinement at the Lebanon Correctional Institution ["LeCI"]. The only claims remaining for resolution are claims 5, 6 and 8, asserted by plaintiff Tyrone E. Reid, who is no longer incarcerated at LeCI. *Opinion and Order,* Doc. No. 55. This matter is before the Court on defendants' motion for summary judgment addressing those claims, Doc. No. 28. Although plaintiff Reid was granted an extension of time to make substantive response to that motion, *Opinion and Order,* Doc. No. 55, and was advised of the consequences of his failure to respond to the motion, *id.,* p.6, plaintiff Reid has nevertheless made a response.

Summary judgment is appropriate if the record establishes that there exists no genuine issue of material fact. Rule 56, F.R. Civ. Pro. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The mere existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson*, 477 U.S. at 251. *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In the only claims remaining in this action, plaintiff Reid

challenges as violative of the Eighth Amendment the following conditions at LeCI: "poor and inadequate fire protection practices," Claim Five, *Complaint,* p.7, Doc. No. 6, an inadequate "recreation yard/gymnasium," Claim Six, *id.,* and "[in]adequate clothing/bedding;" Claim Eight, *id.,* p.8.

Because plaintiff Reid is no longer incarcerated at LeCI, his claims for declaratory and injunctive relief are now moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 491 (6th Cir. 1995).

The complaint also seeks damages. The Eighth Amendment requires that inmates "receive adequate food, clothing, shelter and medical care. ..." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)(citing *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). In order to prevail on a claim for damages under the Eighth Amendment, an inmate must allege and ultimately establish an objectively "sufficiently serious" condition, *Wilson v. Seiter,* 501 U.S. 294, 298 (1991), as well as deliberate indifference to that condition by prison officials, *id.,* at 302-03. *See Farmer v. Brennan*, 511 U.S. at 834. An objectively serious condition must be more than "mere discomfort or inconvenience." *Hunt v. Reynolds,* 974 F.2d 734, 735 (6th Cir. 1992).

In the case presently before the Court, plaintiff Reid nowhere alleges that he has been diagnosed with any medical condition, was denied shelter or food, or has suffered any injury as a result of the fire protection practices, the recreation facilities or the clothing and bedding provided at LeCI. Plaintiff Reid has therefore failed to establish an objectively serious condition or injury. It follows, then, that he has failed to even allege a viable Eighth Amendment claim for damages. Under these circumstances, the Court concludes that defendants

are entitled to judgment on these remaining claims.

It is therefore **RECOMMENDED** that, as the motion for summary judgment, Doc. No. 28, relates to plaintiff Reid's claims 5, 6 and 8, defendants' motion for summary judgment, Doc. No. 28, be **GRANTED** and this action be **DISMISSED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

November 5, 2009                              *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge